UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
HANDL CAPITAL 531, LLC,                          :
                                                 :
                        Plaintiff,               :
                                                 :    **MEMORANDUM DECISION AND**
                                                 :    **ORDER**
        -against-                                :
                                                 :    25-cv-6318 (BMC)
NEW GENERATION HOLDINGS, LLC,                    :
                                                 :
                        Defendant.               :
--------------------------------------------------------- X

**COGAN**, District Judge.

This is a diversity mortgage foreclosure action.  Plaintiff has moved for summary

judgment and two awards of attorneys' fees.  The first award of attorneys' fees is based on the

Court's order vacating defendant's default, and the second award is based on the terms of the

mortgage.  For the reasons below, plaintiff's summary judgment motion is granted; its first

motion for attorneys' fees is granted; and its second motion for attorneys' fees is denied without

prejudice.

## BACKGROUND

On March 9, 2022, defendant executed a promissory note in the principal amount of

$480,000.00 plus interest in favor of M&M Private Lending Group, LLC.  To secure the note,

defendant executed a mortgage which encumbers the real property located at 531 E. 81st Street,

Brooklyn, NY 11236.

After two years, defendant stopped paying the monthly payments, and the loan remains in

default.  The mortgage was assigned to plaintiff on November 10, 2025, and it commenced this

action three days later.  Defendant originally defaulted, but the Court granted its motion to vacate

the default, conditioned on it paying plaintiff's reasonable attorneys' fees.

In vacating defendant's default, the Court recognized the weaknesses of defendant's offered meritorious defenses, but let it slide because "[j]udging the merit of a defense for the purposes of a motion to vacate a default judgment pursuant to a more rigorous standard [is] inappropriate." State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 167 (2d Cir. 2004). Nonetheless, as the Court predicted, "the case [wound] up right back where it was when it came before the Court on the motion for a default judgment, with the concomitant waste of resources that that will have occurred between vacating the default and determining a motion for summary judgment." HANDL Cap. 531, LLC v. New Generation Holdings, LLC, No. 25-cv-6318, 2026 WL 440558, at *3 (E.D.N.Y. Feb. 17, 2026).

## DISCUSSION

### I.    Summary Judgment

Rule 56 provides that summary judgment is warranted where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view all facts "in the light most favorable to the nonmoving party." Scott v. Harris, 550 U.S. 372, 380 (2007). There is no genuine issue of material fact "where the record taken as a whole could not lead a rational trier of fact to find for" defendant. See id. (defendant "must do more than simply show that there is some metaphysical doubt as to the material facts" (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986))); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) ("the mere existence of *some* alleged factual dispute between the parties will not defeat a properly supported motion for summary judgment"). To survive, plaintiff must marshal "concrete evidence from which a reasonable juror could return a verdict in his favor." Id. at 256.

### A.    Plaintiff is Entitled to Summary Judgment

In New York, to "establish[] its entitlement to summary judgment . . . for foreclosure," Wells Fargo Bank, Nat'l Ass'n v. 840 Westchester Ave. NMA, LLC, 786 F. Supp. 3d 586, 596 (S.D.N.Y. 2025), "a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt," U.S. Bank, N.A. v. Squadron VCD, LLC, 504 F. App'x 30, 32 (2d Cir. 2012); see also CIT Bank N.A. v. Donovan, 856 F. App'x 335, 336 (2d Cir. 2021) ("[A] plaintiff in a foreclosure action establishes *prima facie* entitlement to summary judgment 'by producing evidence of the mortgage, the unpaid note, and the defendant's default.'" (quotations omitted))).

Defendant does not dispute any of the three core elements of plaintiff's *prima facie* entitlement.  Rather, defendant only challenges plaintiff's standing.  See Wells Fargo, 786 F. Supp. 3d at 596 n.4 ("[W]hen a defendant contests standing to foreclose, 'the plaintiff must prove its standing as part of its *prima facie* showing'" (quoting JPMorgan Chase Bank, N.A. v. Weinberger, 142 A.D.3d 643, 644, 37 N.Y.S.3d 286, 288 (2nd Dep't 2016))).  "A plaintiff establishes standing in a foreclosure action by 'demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'"  Wells Fargo, 786 F. Supp. 3d at 596 n.4 (quoting Gustavia Home, LLC v. Rutty, 785 F. App'x 11, 14 (2d Cir. 2019)).

Here, plaintiff has provided uncontradicted evidence that the mortgage was assigned to it, and that the original wet ink promissory note and allonge was physically delivered to plaintiff three days before initiating this suit.  See HANDL, 2026 WL 440558, at *3 ("The trail of documents before the Court clearly shows the original note, mortgage and an allonge transferring the note to plaintiff.").  Accordingly, plaintiff has standing, and has established *prima facie* entitlement to summary judgment.

### B.    Defendant Has No Bona Fide Defense

After plaintiff establishes its *prima facie* entitlement, the "burden then shifts to [defendant] to make any affirmative showing of a 'bona fide defense to the action.'"  Wells Fargo, 786 F. Supp. 3d at 596 (quoting Rutty, 785 F. App'x at 14).  Such defenses include "fraud, duress, oppressive or unconscionable actions, or bad faith."  Id. (quotations omitted).

Defendant raises, as it did on default judgment, a host boilerplate affirmative defenses. See HANDL, 2026 WL 440558, at *3 ("Rote invocation of the 'parole evidence rule' or an assertion that the complaint 'fails to state a claim' or that plaintiff's claim violates the 'statute of frauds,' or that plaintiff 'failed to mitigate damages' with not a single fact offered to back them up, carry no weight on this motion.").  Those carry no more weight on summary judgment.

The only non-frivolous defense raised by defendant is that plaintiff has no capacity to sue under N.Y. LLCL § 808, "[k]nown as a 'closed-door' statute," Intercity Logistics LLC v. Cargo World USA, Inc., No. 24-cv-2138, 2025 WL 1043623, at *4 (E.D.N.Y. Apr. 8, 2025), which "acts as a bar to [] maintenance of a suit" if the "plaintiff is 'doing business' within this state without authorization."  1S REO Opportunity 1, LLC v. Harlem Premier Residence, LLC, 234 A.D.3d 401, 402, 222 N.Y.S.3d 464, 465 (1st Dep't 2025).

On default judgment, defendant also contended this closed-door statute applied, and the Court alerted defendant to the weaknesses of that argument:

> Bringing a suit in New York does not constitute "doing business" in New York. N.Y. LLCL § 803(a)(1) (Expressly exempting "maintaining or defending any action or proceeding, whether judicial ... or otherwise" from the definition of "doing business.").  Here, defendant has not offered a single fact even hinting that plaintiff is engaging in a regular course of business in New York – not an office in New York, not a solicitation of business from New Yorkers, nor anything else that might constitute a regular and continuous course of business.  To the contrary, plaintiff has submitted proof that the loan at issue in this case is the only loan owned by plaintiff.

4

HANDL, 2026 WL 440558, at *3.

Defendant's only attempt to show that LLCL § 808 applies is by pointing out that this loan is "the only loan owned by [plaintiff]" and thus "100% of [plaintiff's] lending business . . . is in the State of New York." The Court is not persuaded. In discussing a different closed-door statute with "nearly identical language" (applying to corporations instead of LLCs),

> the Second Circuit has stated that to come within New York's closed-door statute . . . 'the foreign corporation must do more than make a single contract, engage in an isolated piece of business, or an occasional undertaking; it must maintain and carry on business with some continuity of act and purpose.'"

Intercity Logistics, 2025 WL 1043623, at *4. Thus, the fact that this loan is the only loan owned by plaintiff cuts in favor of plaintiff, not defendant.

Defendant's last-ditch effort is to again challenge the total value of unpaid debt or the applicable interest rate in calculating that debt. But as the Court already ruled, "dispute[s] over the calculation of arrears [are] not a defense to a mortgage foreclosure action." HANDL, 2026 WL 440558, at *4 ("The precise calculation is worked out by the foreclosure referee, subject to an objection to be made to the court, once the foreclosure sale has occurred"); see Crest/Good Mfg., Inc. v. Baumann, 160 A.D.2d 831, 831-32 554 N.Y.S.2d 264, 265 (2nd Dep't 1990).

Accordingly, defendant has no bona fide defense and failed to raise a genuine issue of material fact bearing on plaintiff's *prima facie* entitlement. The Court therefore grants plaintiff's motion for summary judgment.

## II.    Attorneys' Fees

### A.    Default Judgment and Vacatur

As a condition to vacating defendant's default, the Court ordered defendant to "reimburse plaintiff [its] reasonable . . . attorneys' fees and costs incurred in moving for a default judgment

and opposing defendant's motion to vacate." Id. at *5.  Defendant did not stipulate to the value of attorneys' fees, so plaintiff timely moved to recover them.

Rule 54 requires such a motion to "be filed no later than 14 days after the entry of judgment;" "specify the judgment and . . . grounds entitling [plaintiff] to the award;" "state the amount sought or provide a fair estimate of it."  Fed. R. Civ. P. 54(d)(2)(B).  Plaintiff filed the motion within the 14-day period, referenced the Court's conditional vacatur of default, and specified its request for $9,564.74 in attorneys fees.  Thus, the only question left is whether that amount is reasonable.

This Court has previously found that "19.50 hours is a reasonable amount of time to obtain a default judgment."  Lazaro v. Best Fish Mkt. Corp., No. 21-cv-5305, 2022 WL 280768, at *2 (E.D.N.Y. Jan. 29, 2022).  In Rubin v. HSBC Bank USA, 763 F. Supp. 3d 233, 243-44 (E.D.N.Y. 2025), Judge Block calculated the prevailing rates of attorneys' fees "in the Eastern District to now be $450–$650 for partners, $300–$450 for senior associates, $150–$300 for junior associates, and $100–$150 for paralegals."  See also Almond v. PJ Far Rockaway, Inc., No. 15-cv-6792, 2018 WL 922184, at *2 (E.D.N.Y. Feb. 15, 2018) ("attorney's fees, like other goods and services, increase in cost with inflation.").

Here, two attorneys, both partners, work on plaintiff's case.  They billed 6 hours at a rate of $450 ($2,700.00) and 13.70 hours at a rate of $500 ($6,850.00), along with $14.74 in costs. The total time spent – 19.70 hours – is well within reason.  See US All. Fed. Credit Union v. M/V Kamara Fam., 691 F. Supp. 3d 646, 665 (E.D.N.Y. 2023) (26.8 hours spent on foreclosure default judgment reasonable); Blue Castle Cayman Ltd. v. Astudillo, No. 23-cv-3851, 2024 WL 3813309, at * (E.D.N.Y. July 26, 2024) (30.6 hours spent on a foreclosure default judgment reasonable).

The hourly rates are reasonable because both attorneys are partners, with a combined 22 years of experience between them. "Current rates of lawyers can substantially exceed those rates" and defendant "presents no meaningful objections to [these] rates and the time they charged." Pizarro v. Euros El Tina Rest. Lounge & Billiards Corp., _ F. Supp. 3d _, 2026 WL 836652 (S.D.N.Y. 2026) (approving $650 and $550 rates for partners); Lenzi v. Systemax, Inc., 799 F. Supp. 3d 88, 98 (E.D.N.Y. 2025) (approving $450 rate for partner). Accordingly, the Court grants plaintiff's motion for attorneys fees relating to the default judgment in the amount of $9,564.74.

### B.     Foreclosure

Finally, plaintiff has moved for attorneys' fees incurred throughout his action. In essence, the mortgage allows for recovery of fees in connection with foreclosure proceedings, the amount of which "shall be added to the principal balance and interest then due[.]" However, plaintiff has only provided a very rough estimate of those fees: plaintiff "reasonably believes that an additional $10,000.00 in fees and $5,000.00 in costs will be incurred to complete the foreclosure sale[.]"

Because the actual value of those fees can be determined at the time of foreclosure and added to the delinquent balance, the Court finds it more appropriate to leave this issue to the mortgage referee. See Secured Asset Mgmt., LLC v. Cong. Beth Joseph Zwi Dushinsky, No. 17-cv-5588, 2023 WL 2429689, at *2 (E.D.N.Y. Mar. 9, 2023) (appointing "referee . . . to: (1) compute the amounts due[,] including the total amount owed in default . . . and attorneys' fees and costs, and (2) conduct a foreclosure sale[.]"). Accordingly, plaintiff's motion for attorneys fees relating to the foreclosure is denied without prejudice.

## CONCLUSION

Plaintiff's motions for summary judgment and for attorneys' fees pursuant to Rule 54(d) are granted.  Plaintiff's motion for attorneys' fees pursuant to the terms of the mortgage is denied without prejudice.  A judgment of foreclosure cannot be entered at this time because the N.Y. Environmental Control Board ("ECB") remains as a defendant in default, and plaintiff must take some action against it.  Accordingly, within seven days of this Order, plaintiff is directed to voluntarily dismiss or move for a default judgment against the ECB, and once the claim against the ECB is resolved, thereafter file a proposed judgment of foreclosure.

**SO ORDERED.**

*Brian M. Cogan*

U.S.D.J.

Dated: Brooklyn, New York
      April 27, 2026

8