UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

HANDL CAPITAL 531, LLC,                          :
                                                 :
                              Plaintiff,          :
                                                 :       **MEMORANDUM DECISION AND**
          -against-                              :       **ORDER**
                                                 :
NEW GENERATION HOLDINGS, LLC,                    :       25-cv-6318 (BMC)
                                                 :
                              Defendant.          :
------------------------------------------------------------- X

**COGAN**, District Judge.

This is a diversity mortgage foreclosure action.  After successfully vacating its own default, defendant lost on summary judgment.  The property is set to be auctioned this afternoon.  Thirty minutes to midnight, however, defendant filed a motion asking the Court to (1) vacate its summary judgment ruling and (2) issue a Temporary Restraining Order ("TRO") to stop the foreclosure sale because the mortgage was procedurally and substantially unconscionable.  For the reasons below, the motion is denied.

## BACKGROUND

Mr. Herve Thomas is the sole member of defendant New Generation Holdings, LLC, an entity that Mr. Thomas formed for the purpose of securing this mortgage.  On March 9, 2022, defendant executed a promissory note in the principal amount of $480,000.00 plus interest in favor of M&M Private Lending Group, LLC ("M&M").  To secure the note, defendant executed a mortgage which encumbers the property located at 531 E. 81st Street, Brooklyn, NY 11236.

After two years, defendant stopped paying the monthly payments.  The mortgage was assigned to plaintiff on November 10, 2025, and it commenced this action three days later.

Defendant originally defaulted, but the Court granted its motion to vacate the default, conditioned on it paying plaintiff's reasonable attorneys' fees.

In vacating defendant's default, the Court recognized the weaknesses of defendant's offered meritorious defenses, but let it slide because "[j]udging the merit of a defense for the purposes of a motion to vacate a default judgment pursuant to a more rigorous standard [is] inappropriate." State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 167 (2d Cir. 2004).  Nonetheless, as the Court predicted, "the case [wound] up right back where it was when it came before the Court on the motion for a default judgment, with the concomitant waste of resources that that will have occurred between vacating the default and determining a motion for summary judgment."  HANDL Cap. 531, LLC v. New Generation Holdings, LLC, No. 25-cv-6318, 2026 WL 440558, at *3 (E.D.N.Y. Feb. 17, 2026), summary judgment granted, 2026 WL 1130314 (Apr. 27, 2026).

Undeterred, defendant appears before the Court for a third time, now seeking a TRO and vacatur under Rules 60(b)(3) and 60(b)(4).  Both remedies are predicated on the same argument that the mortgage itself was a product of "unconscionable misrepresentations and misconduct" by M&M and is therefore void.  For that reason, says defendant, the Court's summary judgment ruling is void, and the foreclosure auction cannot go forward.  The Court is not persuaded.

2

## DISCUSSION

### I.      Rule 60

As a threshold matter, Rule 60(b)(3) is clearly irrelevant as it only applies to "fraud[,] misrepresentation, or misconduct *by an opposing party*." Fed. R. Civ. P. 60(b)(3) (emphasis added). M&M is not an opposing party, and so whether it defrauded defendant or misrepresented anything to defendant as part of procuring the mortgage is irrelevant now.

Left only with Rule 60(b)(4), defendant must show that "the judgment is void." Fed. R. Civ. P. 60(b)(4). According to defendant, if the mortgage is void, the Court's judgment enforcing it is *ipso facto* void. That's wrong. "Rule 60(b)(4) applies only in two situations: 'where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" SEC v. Romeril, 15 F.4th 166, 171 (2d Cir. 2021) (quoting United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010)).

Here, defendant raises no jurisdictional arguments (nor could it) and the Court has already heard defendant on its motion to vacate the default and in opposition to summary judgment. At no point did defendant meaningfully raise the defense of unconscionability. Defendant's failure to do so then does not now warrant the invocation of Rule 60(b)(4). See Espinosa, 559 U.S. at 270 ("A judgment is not void . . . simply because it is or may have been erroneous [because] a motion under Rule 60(b)(4) is not a substitute for [an] appeal.").

### II.      Temporary Restraining Order

The Court cannot gloss over the fact that defendant waited until 13 hours before the foreclosure auction to file the TRO application. "[D]elays in seeking relief may sometimes undermine a party's claims of irreparable harm." Gen. Mills, Inc. v. Champion Petfoods U.S.,

3

Inc., No. 20-cv-181, 2020 WL 915824, at *11 (S.D.N.Y. Feb. 26, 2020).  The Second Circuit has "found delays of as little as ten weeks sufficient to defeat the presumption of irreparable harm." Weight Watchers Int'l, Inc. v. Luigino's, Inc., 423 F.3d 137, 144 (2d Cir. 2005); see Walters v. Empire Cmty. Dev. LLC, No. 25-cv-4192 (S.D.N.Y. May 27, 2025) ("[I]t is apparent from [defendant's] papers [] that [it] has been aware of the foreclosure for a long time and has elected to wait until now to file this TRO application.").

But even ignoring that, defendant loses.  "It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction."  Saidi v. U.S. Embassy in Djib., 544 F. Supp. 3d 289, 295 (E.D.N.Y. 2021) (quotations omitted); see LaRouche v. Kezer, 20 F.3d 68, 74 (2d Cir. 1994) ("granting a TRO requires a finding of immediate and irreparable injury but not a specific determination as to the merits.").

"[I]njury is only 'immediate and irreparable' in the TRO context if the absence of immediate judicial intervention will cause irreparable injury that will make it difficult, if not impossible, for the court to provide effective final relief after hearing from both parties." Goldstein, 2022 WL 20305832, at *2.  The Court has heard defendant – three times now – and it has yet to show that plaintiff is not entitled to foreclose on the property.

The Court would reach the same conclusion even if it had not heard from defendant already.  According to defendant, the property to be auctioned "has been owned and resided in by Mr. Thomas's family since 1980, is the family's greatest asset, both financially and sentimentally," and so the foreclosure auction will "result in the loss of ownership and control of their home of nearly 50 years, which undoubtedly constitutes an irreparable harm or injury."

What defendant has done is "confuse[] the requirements of the TRO pleading standard . . . to mean that simply alleging that an injury is 'immediate and irreparable' is

4

sufficient[.]" Goldstein v. Hochul, No. 22-cv-8300, 2022 WL 20305832, at *2 (S.D.N.Y. Sep. 30, 2022). The Court is not (and should not be) concerned with sentimentality because displacement is the ubiquitous consequence of defaulting on a mortgage. But beyond that, even if defendant's position had any merit, defendant has nonetheless "failed to show how monetary damages would not render them whole." Ferraro v. Realty USA, No. 08-cv-778, 2009 WL 1098664, at *2 (N.D.N.Y. Apr. 9, 2009) (denying "TRO . . . seeking to restrain and enjoin . . . the foreclosure, sale, or auction of any property now in controversy").

**CONCLUSION**

Defendant's motion is denied.

**SO ORDERED.**

*Brian M. Cogan*

Dated:  Brooklyn, New York
      June 18, 2026

U.S.D.J.

5