UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HANDL CAPITAL 531, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>NEW GENERATION HOLDINGS, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>25-cv-6318 (BMC) |

**COGAN**, District Judge.

This is a diversity mortgage foreclosure action. Defendant's latest attorney, Edward Mostoller, Director of the Homeowner and Consumer Debt Advocacy Project for the City Bar Justice Center, has moved to withdraw as counsel. For the reasons below, the motion is denied.

Former defendant Herve G. Thomas is the sole member of defendant New Generation Holdings, LLC ("New Generation"), an entity that Thomas formed for the purpose of securing the mortgage at issue in this case.[1] After New Generation, as mortgagor, defaulted on the mortgage, plaintiff filed this foreclosure action. Plaintiff originally sued Thomas as a co-defendant, but voluntarily dismissed him because only New Generation was on the chain of title. The Clerk entered New Generation's default under Fed. R. Civ. P. 55(a), and plaintiff moved for default judgment. However, in light of the disfavor in which defaults are held, this Court, with some reluctance, granted the motion of New Generation's prior counsel to vacate the entry of default and denied plaintiff's motion for a default judgment. Notwithstanding all that, New

[1] Thomas, a California resident, does not live in the subject property. Although Thomas asserts that his 84-year-old father lives there, plaintiff produced evidence on its summary judgment motion that in fact, the property is vacant, and that the property was held for investment purposes (as the name New Generations Holdings, LLC, might suggest). The Court made no finding on that point as it was unnecessary.

Generation lost on summary judgment and the Court entered a Final Judgment of Foreclosure and Sale. The Court appointed a foreclosure referee to oversee the property's disposition.

Thomas then filed a *pro se* notice of appeal and motion for leave to proceed *in forma pauperis*. This Court denied leave to appeal *in forma pauperis* because there was no good faith basis for him to appeal. To the extent Thomas was appealing on his own behalf, plaintiff had voluntarily dismissed him. He was therefore not named in the foreclosure judgment, and there is obviously no appeal from a notice of voluntary dismissal. See Pellegrino v. N.Y. State United Teachers, 843 F. App'x 409, 410 (2d Cir. 2021) (declining to consider a former defendant's "brief in opposition to the appeal [because the plaintiffs] voluntarily dismissed all claims against [that] defendant"). To the extent Thomas was seeking to appeal the judgment against New Generation (which his notice of appeal did not say – it only referenced him individually), he could not appear on its behalf because he is not a lawyer. See Fleming v. ISCO Indus., 750 F. App'x 62, 63 (2d Cir. 2019); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983).

On April 30, 2026, the foreclosure referee's notice of sale was published, indicating that the sale would occur at 1:30pm on June 18, 2026. At 11:26pm on June 17, 2026 (*i.e.*, half a day before the foreclosure auction), New Generation, through Mr. Mostoller, moved for a temporary restraining order ("TRO") and vacatur of the Court's foreclosure judgment. The grounds raised were essentially the same "defenses" as those previously asserted, both in support of defendant's motion to vacate its default, and in opposition to plaintiff's motion for summary judgment. As is often the case in foreclosure actions, the motion was "yet another example of [defendant's] repeated and meritless efforts to delay the foreclosure proceedings," Horoshko v. Citibank, N.A.,

373 F.3d 248, 250 (2d Cir. 2004), and the Court denied it shortly before the auction was set to occur.

Mr. Mostoller has now moved to withdraw as counsel. The motion makes little sense. First, Mr. Mostoller seeks to withdraw from representing both New Generation and Thomas. But he never noticed an appearance stating that he represented Thomas, and his TRO-vacatur motion was filed only on behalf of New Generation. That was proper because by the time of Mr. Mostoller's engagement, Thomas had become a nonparty.

Second, Mr. Mostoller's motion to withdraw is procedurally and substantively defective. The thrust of his motion is that, because the Court denied his motion, counsel's "scope of engagement has now concluded." Apparently, according to Mr. Mostoller, the terms of his retention provided that if the TRO-vacatur motion was denied, his retention would end. It is unclear whether his engagement would have continued if the Court granted his motion, and Mr. Mostoller has not exhibited the retention agreement to his motion. Indeed, this is the first time the Court has been made aware that counsel's representation was limited in scope.

Limited-scope representations are permissible in this district at the discretion of the court, but must be disclosed when counsel notices their appearance, not when seeking to withdraw. "Where a party and an attorney have agreed to limited-scope representation, the attorney must file a notice that describes the scope of the representation for any matter that may require the attorney to file papers with the court." Local Rule 1.4(c)(1). Mr. Mostoller's Notice of Appearance made no such representation, so the Court proceeded with the understanding that his representation was general and unrestricted. Consequently, his motion may be granted "only upon a showing by affidavit or otherwise of [other] satisfactory reasons for withdrawal or displacement and the posture of the case." See Local Rule 1.4(b).

Mr. Mostoller seems to recognize this, as the affidavit in support of withdrawal refers to, in addition to the scope of engagement, various "professional and ethical considerations" that "require [him] to seek withdrawal as counsel for Defendants." But what are they? This vague reference is far from good cause, although it seems clear that Mr. Mostoller wants to wash his hands of this case after the Court denied his motion. If the "ethical concerns" arise from the fact that the only conceivable purpose of the motion was to impede the foreclosure sale, then the motion to impede the foreclosure sale should not have been filed.

Because counsel failed to follow the procedure for limited-scope engagements, he is in for the long haul, and the motion is denied. The denial is without prejudice, however, because if there is any merit to the cited "professional and ethical considerations," and if he can explain how he can withdraw from representing a party for whom he has never appeared (*i.e.*, Thomas), Mr. Mostoller may refile the motion. If necessary, he may submit any attorney-client communications that establish grounds for withdrawal under seal or *ex parte*.

**SO ORDERED.**

Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
August 12, 2026